**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, et al., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF KANSAS, | ) | No. 7:23-cv-00047-DC-RCG |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF THE | ) | |
| INTERIOR, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**
**AND PETITION FOR REVIEW[1]**

Federal Defendants the United States Department of the Interior; the United States Fish

and Wildlife Service ("FWS"); Debra Haaland, in her official capacity as Secretary of the

Interior; and Martha Williams, in her official capacity as Director of the FWS (collectively,

"Federal Defendants") by and through the undersigned attorney of record, answer all claims and

allegations raised against them in the Amended Complaint ("Complaint") of the State of Texas,

the Texas General Land Office, the Texas Department of Agriculture, the Railroad Commission

---

[1] Plaintiffs improperly style their complaint as an "Amended Complaint and *Petition for Review*." ECF No. 10 (emphasis added). A Petition for Review involves a challenge to an order of an agency, board, commission, or officer brought in the Federal Courts of Appeal. Fed. R. App. P. 15(a). Plaintiffs' complaint does not meet these requirements.

of Texas, the State of Kansas, and the State of Oklahoma (collectively, "Plaintiffs"), filed as ECF No. 10 in Case No. 7:23-cv-00047-DC-RCG (W.D. Tex.). The numbered paragraphs of this Answer correspond to the numbered paragraphs in the Complaint. All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied. In response to the like-numbered paragraphs in Plaintiffs' Complaint, Federal Defendants hereby state and aver as follows:

1.      The allegations in the first sentence of Paragraph 1 consist of characterizations of Plaintiffs' suit, which require no response. Federal Defendants admit the allegations in the second and fourth sentences of Paragraph 1. The allegations in the third and fifth sentences of Paragraph 1 consist of characterizations of Plaintiffs' exhibits, which require no response.

2.      The allegations in Paragraph 2 consist of characterizations of Plaintiffs' suit and state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

3.      Federal Defendants deny the allegations in Paragraph 3.

4.      Federal Defendants deny the allegations in Paragraph 4.

5.      Federal Defendants admit the allegation in the first sentence of Paragraph 5 that FWS published an Endangered Species Act ("ESA") 4(d) Rule for the northern population along with the listing decision. The allegations in the second and third sentences of Paragraph 5 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the 4(d) Rule. Regarding the allegations in the fifth sentence of Paragraph 5, Federal Defendants admit that FWS did not conduct an environmental assessment in promulgating the 4(d) Rule but aver that FWS had no legal requirement to do so. The remaining allegations in

Paragraph 5 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

6.    Federal Defendants admit the allegations in the first sentence of Paragraph 6 that Plaintiffs have worked with States, private property owners, and industry partners to implement voluntary conservation measures related to the lesser prairie-chicken. Federal Defendants deny the allegation in the first sentence of Paragraph 6 that the lesser prairie-chicken is "recover[ed]." Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the remaining allegations in the first sentence of Paragraph 6 and deny them on that basis. Federal Defendants deny the allegations in the second, fifth, and sixth sentences of Paragraph 6. Federal Defendants admit the allegation in the third sentence of Paragraph 6 that "most land is privately owned," but otherwise deny the remaining allegations in the third sentence. Federal Defendants admit the allegation in the fourth sentence of Paragraph 6 that conservation action by private landowners is essential to conserving the species, but otherwise deny the remaining allegations in the fourth sentence.

7.    The allegations in Paragraph 7 consist of characterizations of Plaintiffs' suit, which require no response.

8.    Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 8 and deny them on that basis.

9.    Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the second sentence of Paragraph 9 and deny them on that basis. The remaining allegations in Paragraph 9 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

10.      Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 10 and deny them on that basis.

11.      Federal Defendants admit the allegation in the second sentence of Paragraph 11 that the lesser prairie-chicken's range "overlaps with farms and ranches in Texas." The remaining allegations in the second sentence of Paragraph 11 are too vague and ambiguous to permit a response. The remaining allegations in Paragraph 11 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

12.      Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 12 and deny them on that basis.

13.      Federal Defendants admit the allegation in the second sentence of Paragraph 13 that "[t]he range of the lesser prairie-chicken overlaps with the oil and gas producing areas of Texas." The remaining allegations in the second sentence of Paragraph 13 are too vague and ambiguous to permit a response. The remaining allegations in Paragraph 13 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

14.      The allegations in Paragraph 14 consist of characterizations of Plaintiffs' suit, which require no response.

15.      Federal Defendants admit the allegations in the first and second sentences of Paragraph 15. The allegations in the third sentence of Paragraph 15 purport to characterize a final rule published at 87 Fed. Reg. 72,674 (Nov. 25, 2022) and issued under Section 4 of the ESA, 16 U.S.C. § 1531 *et seq.*, titled "Endangered and Threatened Wildlife and Plants; Lesser Prairie-Chicken; Threatened Status with Section 4(d) Rule for the Northern Distinct Population Segment

and Endangered Status for the Southern Distinct Population Segment" ("Final Rule") and a report titled "Range-Wide Population Size of the Lesser Prairie-Chicken: 2012 to 2022." The Final Rule and the report speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule and the report.

16.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first sentence of Paragraph 16 and deny them on that basis. The remaining allegations in Paragraph 16 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

17.     The allegations in the second sentence of Paragraph 17 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. The remaining allegations in Paragraph 17 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

18.     The allegations in the first sentence of Paragraph 18 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. The remaining allegations in Paragraph 18 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

19.     The allegations in Paragraph 19 consist of characterizations of Plaintiffs' suit, which require no response.

20.     The allegations in the first and fourth sentences of Paragraph 20 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants admit the allegations in the second sentence of Paragraph 20. Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the third sentence of Paragraph 20 and deny them on that basis.

21.     Federal Defendants admit the allegations in Paragraph 21.

22.     Federal Defendants admit the allegation in the first sentence of Paragraph 22 that Debra Haaland is the Secretary of the Interior. The remaining allegations in the first sentence of Paragraph 22 consist of characterizations of Plaintiffs' suit, which require no response.  Federal Defendants admit the allegations in the second sentence of Paragraph 22.

23.     Federal Defendants admit the allegations in Paragraph 23.

24.     Federal Defendants admit the allegation in the first sentence of Paragraph 24 that Martha Williams is the Director of the U.S. Fish and Wildlife Service. The remaining allegations in the first sentence of Paragraph 24 consist of characterizations of Plaintiffs' suit, which require no response. Federal Defendants admit the allegations in the second sentence of Paragraph 24.

25.     The allegations in Paragraph 25 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

26.     The allegations in Paragraph 26 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

27.     Federal Defendants admit the allegation in Paragraph 27 that Texas Plaintiffs provided Secretary Debra Haaland and Director Martha Williams a letter styled as a notice of intent to sue dated January 19, 2023, and aver that Federal Defendants replied to that letter on March 7, 2023. Federal Defendants deny the remaining allegations in Paragraph 27.

28.     Federal Defendants admit the allegation in Paragraph 28 that Kansas Plaintiff provided Secretary Debra Haaland and Director Martha Williams a letter styled as a notice of intent to sue dated January 30, 2023, and aver that Federal Defendants replied to that letter on March 7, 2023. Federal Defendants deny the remaining allegations in Paragraph 28.

29.     Federal Defendants admit the allegation in Paragraph 29 that Oklahoma Plaintiff provided Secretary Debra Haaland and Director Martha Williams a letter styled as a notice of intent to sue dated February 1, 2023, and aver that Federal Defendants replied to that letter on March 7, 2023. Federal Defendants deny the remaining allegations in Paragraph 29.

30.     The allegations in Paragraph 30 purport to characterize Exhibit 3, which speaks for itself and requires no response.

31.     The allegations in Paragraph 31 purport to characterize the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

32.     The allegations in Paragraph 32 purport to characterize the APA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

33.     The allegations in Paragraph 33 purport to characterize a legal decision, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the legal decision.

34.     The allegations in Paragraph 34 purport to characterize a legal decision, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the legal decision.

35.     The allegations in Paragraph 35 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

36.     The allegations in Paragraph 36 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

37.     The allegations in Paragraph 37 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

38.     The allegations in Paragraph 38 purport to characterize a notice of FWS policy published at 61 Fed. Reg. 4,722 (Feb. 7, 1996) titled "Policy Regarding the Recognition of Distinct Vertebrate Population Segments Under the Endangered Species Act" ("DPS Policy"), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the DPS Policy.

39.     The allegations in Paragraph 39 purport to characterize the DPS Policy, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the DPS Policy.

40.    The allegations in Paragraph 40 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

41.    The allegations in Paragraph 41 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

42.    The allegations in Paragraph 42 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

43.    The allegations in the first sentence of Paragraph 43 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute. The remaining allegations in Paragraph 43 purport to characterize a notice of FWS policy published at 68 Fed. Reg. 15,100 (Mar. 28, 2003) titled "Policy for Evaluation of Conservation Efforts When Making Listing Decisions" ("PECE"), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the PECE.

44.    The allegations in Paragraph 44 purport to characterize the PECE, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the PECE.

45.    The allegations in Paragraph 45 purport to characterize the PECE, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the PECE.

46.     The allegations in Paragraph 46 purport to characterize the PECE, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the PECE.

47.     The allegations in Paragraph 47 purport to characterize the PECE, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the PECE.

48.     The allegations in Paragraph 48 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

49.     The allegations in Paragraph 49 purport to characterize the ESA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute and regulations.

50.     The allegations in the first and second sentences of Paragraph 50 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations. The remaining allegations in Paragraph 50 purport to characterize an ESA implementing regulation, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the regulation.

51.     The allegations in Paragraph 51 purport to characterize the ESA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute and regulations.

52.     The allegations in Paragraph 52 purport to characterize the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, *et seq.*, and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute and regulations.

53.     The allegations in Paragraph 53 purport to characterize the NEPA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute and regulations.

54.     The allegations in Paragraph 54 purport to characterize the implementing regulations for the NEPA, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the regulations.

55.     Federal Defendants admit the allegations in the first sentence of Paragraph 55. The remaining allegations in Paragraph 55 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

56.     Federal Defendants admit the allegations in the first sentence of Paragraph 56. Federal Defendants deny the allegations in the second sentence of Paragraph 56 and aver that the historical range of the lesser prairie-chicken encompasses approximately 115 million acres.

57.     Federal Defendants admit the allegations in Paragraph 57.

58. The allegations in Paragraph 58 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

59. The allegations in Paragraph 59 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

60. The allegations in Paragraph 60 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

61. The allegations in Paragraph 61 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

62. The allegations in Paragraph 62 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

63. The allegations in the first sentence of Paragraph 63 consist of characterizations of Plaintiffs' exhibit, which require no response. Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the remaining allegations in Paragraph 63 and deny them on that basis.

64. Federal Defendants admit the allegations in the first sentence of Paragraph 64. The allegations in the second sentence of Paragraph 64 are too vague and ambiguous to permit a response. Federal Defendants admit the allegations in the third sentence of Paragraph 64 and aver that FWS considered the full scope of benefits associated with the Texas LEPC Agricultural

Candidate Conservation Agreement with Assurances ("Texas CCAA") in the Final Rule. Federal Defendants deny the allegations in the fourth sentence of Paragraph 64 and aver that the Texas CCAA was reviewed and approved by FWS as a program to issue ESA Section 10 "take" permits to participants upon the listing of the lesser prairie-chicken. In other words, the Texas CCAA was envisioned as a pre-listing program to help permittees that continue to participate in the Texas CCAA after listing avoid liability under the ESA's "take" prohibitions.

65.     The allegations in Paragraph 65 purport to characterize the Texas CCAA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Texas CCAA.

66.     The allegations in the first and second sentences of Paragraph 66 purport to characterize the Texas CCAA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Texas CCAA. Federal Defendants admit the allegations in the third sentence of Paragraph 66.

67.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 67. The allegations in the third sentence of Paragraph 67 purport to characterize a plan titled "The Lesser Prairie-Chicken Range-wide Conservation Plan" ("Range-wide Plan"), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Range-wide Plan. The allegations in the fourth sentence of Paragraph 67 purport to characterize a document titled "Species Status Assessment Report for the Lesser Prairie-Chicken (*Tympanuchus pallidicinctus*)" (May 31, 2021) ("Species Status Assessment"), which speaks for itself and

provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Species Status Assessment.

68.     Federal Defendants admit the allegations in the first sentence of Paragraph 68. The remaining allegations in Paragraph 68 purport to characterize the Range-Wide Oil and Gas Candidate Conservation Agreement with Assurances ("Oil and Gas CCAA"), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Oil and Gas CCAA. The allegations in the sixth sentence of Paragraph 68 further consist of characterizations of Plaintiffs' exhibit, which require no response.

69.     Regarding the allegations in the first and second sentences of Paragraph 69, Federal Defendants admit that the Kansas Department of Wildlife and Parks has implemented the Wildlife Habitat Improvement Program and has worked with FWS regarding the lesser prairie-chicken. Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the remaining allegations in the first and second sentences of Paragraph 69 and deny them on that basis. Federal Defendants deny the allegations in the third sentence of Paragraph 69.

70.     Regarding the allegations in the first and second sentences of Paragraph 70, Federal Defendants admit that the Oklahoma Department of Wildlife Conservation has worked with FWS regarding the lesser prairie-chicken and has participated in the Range-wide Plan and the Oklahoma Candidate Conservation Agreement and Assurances program ("Oklahoma CCAA"). Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the remaining allegations in the first and second sentences of Paragraph 70 and deny them on that basis. The allegations in the third sentence of Paragraph 70 purport to characterize

the Oklahoma CCAA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Oklahoma CCAA. Further, through the citations in footnotes 2 and 3, the second and third sentences in Paragraph 70 purport to characterize a letter, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letter.

71.    Federal Defendants admit the allegations in the first sentence of Paragraph 71. The allegations in the second sentence of Paragraph 71 purport to characterize a final ESA listing rule published at 79 Fed. Reg. 19,974 (Apr. 10, 2014) titled "Endangered and Threatened Wildlife and Plants; Determination of Threatened Status for the Lesser Prairie-Chicken" ("2014 Listing Rule"), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the 2014 Listing Rule.

72.    Federal Defendants admit the allegations in the first sentence of Paragraph 72. The remaining allegations in Paragraph 72 purport to characterize filings in a court proceeding and a legal decision, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the filings and legal decision.

73.    Federal Defendants admit the allegation in the first sentence of Paragraph 73 that FWS received a petition to list the lesser prairie-chicken as endangered on September 8, 2016. The remaining allegations in Paragraph 73 purport to characterize the contents of that petition; a proposed rule published at 86 Fed. Reg. 29,432 (June 1, 2021) titled "Endangered and Threatened Wildlife and Plants; Lesser Prairie-Chicken; Threatened Status with Section 4(d)

Rule for the Northern Distinct Population Segment and Endangered Status for the Southern

Distinct Population Segment" ("Proposed Rule"); and a FWS finding published at 81 Fed. Reg.

86,315 (Nov. 30, 2016) titled "Endangered and Threatened Wildlife and Plants; 90-Day Findings

on Three Petitions," which speak for themselves and provide the best evidence of their contents.

Federal Defendants deny any allegations inconsistent with the plain language and meaning of the

petition, Proposed Rule, and FWS finding.

74.     The allegations in Paragraph 74 purport to characterize the Proposed Rule, a

lawsuit, and a settlement agreement, which speak for themselves and provide the best evidence

of their contents. Federal Defendants deny any allegations inconsistent with the plain language

and meaning of the Proposed Rule, lawsuit, and settlement agreement.

75.     Federal Defendants admit the allegations in the first sentence of Paragraph 75.

The allegations in the second sentence of Paragraph 75 purport to characterize the Proposed

Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants

deny any allegations inconsistent with the plain language and meaning of the Proposed Rule.

76.     The allegations in the first sentence of Paragraph 76, through the citations in

footnotes 4, 5, 6, and 7, purport to characterize the Final Rule and public comments, which speak

for themselves and provide the best evidence of their contents. Federal Defendants deny any

allegations inconsistent with the plain language and meaning of these documents. The allegations

in the second sentence of Paragraph 76 consist of characterizations of Plaintiffs' exhibit, which

require no response.

77.     The allegations in the first sentence of Paragraph 77 purport to characterize the

Final Rule, which speaks for itself and provides the best evidence of its contents. Federal

Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants deny the allegations in the second sentence of Paragraph 77.

78.     Federal Defendants admit the allegations in the first sentence of Paragraph 78. The allegations in the second and third sentences of Paragraph 78 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

79.     The allegations in the first and third sentences of Paragraph 79 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. The allegations in the second sentence of Paragraph 79 purport to characterize the 2014 Listing Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the 2014 Listing Rule. Further, through the citation in footnote 8, the first sentence in Paragraph 79 purports to characterize a letter, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letter.

80.     The allegations in the third sentence of Paragraph 80 purport to characterize the DPS Policy, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the DPS Policy. Federal Defendants deny the remaining allegations in Paragraph 80.

81.     The allegations in the first, second, and third sentences of Paragraph 81 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents.

Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants deny the allegations in the fourth, fifth, and sixth sentences of Paragraph 81. Further, through the citations in footnote 9, the fourth sentence in Paragraph 81 purports to characterize two letters, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letters.

82.    The allegations in the first sentence of Paragraph 82 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants deny the allegations in the second sentence of Paragraph 82.

83.    Federal Defendants deny the allegations in the first and sixth sentences of Paragraph 83. The allegations in the second, third, fourth, and fifth sentences of Paragraph 83 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Further, through the citation in footnote 10, the fifth sentence in Paragraph 83 purports to characterize a letter, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letter.

84.    Federal Defendants deny the allegations in the second sentence of Paragraph 84. The remaining allegations in Paragraph 84 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Further, through the citation in footnote 11, the first sentence in Paragraph 84 purports to characterize a letter, which speaks

for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letter.

85.     The allegations in the first, second, and third sentences of Paragraph 85 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants deny the allegations in the fourth sentence of Paragraph 85. The allegations in the fifth sentence of Paragraph 85 purport to characterize the DPS Policy, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the DPS Policy.

86.     Federal Defendants deny the allegations in the first sentence of Paragraph 86. The allegations in the second sentence of Paragraph 86 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

87.     The allegations in Paragraph 87 purport to characterize the Species Status Assessment, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Species Status Assessment.

88.     The allegations in Paragraph 88 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

89.     The allegations in Paragraph 89 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

90.     The allegations in Paragraph 90 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

91.     The allegations in Paragraph 91 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

92.     The allegations in Paragraph 92 purport to characterize the Final Rule and the Species Status Assessment, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule or the Species Status Assessment.

93.     The allegations in Paragraph 93 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

94.     The allegations in Paragraph 94 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Further, through the citation in footnote 12, the first sentence in Paragraph 94 purports to characterize the Species Status Assessment, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Species Status Assessment.

95.     The allegations in the first sentence of Paragraph 95 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final

Rule. The remaining allegations in Paragraph 95 purport to characterize the Species Status Assessment, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Species Status Assessment.

96.     Federal Defendants deny the allegations in Paragraph 96. Further, through the citations in footnotes 13 and 14, the allegations in Paragraph 96 purport to characterize two letters, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letters.

97.     Federal Defendants deny the allegations in the first and second sentences of Paragraph 97. The allegations in the third sentence of Paragraph 97 purport to characterize the Species Status Assessment, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Species Status Assessment.

98.     Federal Defendants deny the allegations in Paragraph 98.

99.     Federal Defendants deny the allegations in the first sentence of Paragraph 99. The allegations in the second and third sentences of Paragraph 99 purport to characterize the Species Status Assessment, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Species Status Assessment. Further, through the citation in footnote 15, the first sentence in Paragraph 99 purports to characterize a letter, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letter.

100.    The allegations in the first and second sentences of Paragraph 100 purport to characterize the Final Rule and/or the Species Status Assessment, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule and Species Status Assessment. Federal Defendants deny the allegations in the third and fourth sentences of Paragraph 100.

101.    The allegations in the first sentence of Paragraph 101 purport to characterize the Species Status Assessment, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Species Status Assessment. Federal Defendants deny the allegations in the second sentence of Paragraph 101.

102.    Federal Defendants deny the allegations in the first sentence of Paragraph 102. The remaining allegations in Paragraph 102 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

103.    The allegations in Paragraph 103 purport to characterize the Final Rule and the Species Status Assessment, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule and Species Status Assessment.

104.    The allegations in the first, second, and third sentences of Paragraph 104 purport to characterize the Species Status Assessment, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain

language and meaning of the Species Status Assessment. Federal Defendants deny the allegations in the fourth and fifth sentences of Paragraph 104.

105.    Federal Defendants deny the allegation in the first sentence of Paragraph 105 that historical ground surveys are unreliable and the allegation in the second sentence of Paragraph 105 that FWS's conclusion lacks sufficient evidence. The remaining allegations in Paragraph 105 purport to characterize the Final Rule and the Species Status Assessment, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule and Species Status Assessment. Further, through the citations in footnotes 16 and 17, the allegations in Paragraph 105 purport to characterize three letters, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letters.

106.    Federal Defendants deny the allegations in Paragraph 106 and footnote 18 included therein.

107.    The allegations in Paragraph 107 purport to characterize the Species Status Assessment and the Final Rule, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule and Species Status Assessment. Further, through the citation in footnote 19, the second sentence in Paragraph 107 purports to characterize a letter, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letter.

108.    The allegations in Paragraph 108 purport to characterize a legal decision and the Final Rule, which speak for themselves and provide the best evidence of their contents. Federal

Defendants deny any allegations inconsistent with the plain language and meaning of the legal decision and Final Rule. Further, through the citations in footnote 20, the first sentence in Paragraph 108 purports to characterize two letters, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letters.

109. Federal Defendants deny the allegations in the first sentence of Paragraph 109 and aver that FWS applies the PECE only to conservation efforts that have yet to be implemented or yet to demonstrate effectiveness. Existing conservation efforts that have demonstrated a level of effectiveness are not evaluated under the PECE. The allegations in the second, third, and fourth sentences of Paragraph 109 purport to characterize the Species Status Assessment, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Species Status Assessment.

110. The first and second sentences of Paragraph 110 purport to characterize the Species Status Assessment, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Species Status Assessment. Federal Defendants deny the allegations in the third sentence of Paragraph 110.

111. Federal Defendants deny the allegations in the first sentence of Paragraph 111. The remaining allegations in Paragraph 111 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Further, through the citation in footnote 21, the first sentence in Paragraph 111 purports to characterize a letter, which speaks

for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letter.

112.    Federal Defendants deny the allegations in Paragraph 112 and aver that application of the PECE to the Range-wide Plan and the Oil and Gas CCAA would have been inappropriate and unnecessary, as both are existing conservation efforts that have demonstrated a level of effectiveness.

113.    Federal Defendants deny the allegations in the first sentence of Paragraph 113. The remaining allegations in Paragraph 113 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

114.    The allegations in Paragraph 114 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

115.    The allegations in Paragraph 115 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

116.    The allegations in the first sentence of Paragraph 116 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. The allegations in the second sentence of Paragraph 116 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

117.    Federal Defendants deny the allegations in the first sentence of Paragraph 117. The allegations in the second sentence of Paragraph 117 purport to characterize a notice of FWS policy published at 59 Fed. Reg. 34,272 (July 1, 1994) titled "Endangered and Threatened Wildlife and Plants: Notice of Interagency Cooperative Policy for Endangered Species Act Section 9 Prohibitions," which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the policy.

118.    The allegations in Paragraph 118 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

119.    Federal Defendants deny the allegation the first sentence of Paragraph 119 that the list of identified activities is "ill-defined." The remaining allegations in the first sentence of Paragraph 119 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants deny the allegations in the second sentence of Paragraph 119. Further, through the citations in footnote 22, the second sentence in Paragraph 119 purports to characterize two letters, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letters.

120.    Federal Defendants deny the allegations in the fourth sentence of Paragraph 120. The remaining allegations in Paragraph 120 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

121.    The allegations in Paragraph 121 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

122.    The allegations in Paragraph 122 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

123.    Federal Defendants deny the allegations in the first and third sentences of Paragraph 123. The allegations in the second sentence of Paragraph 123 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Further, through the citations in footnote 23, the first sentence in Paragraph 123 purports to characterize two letters, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letters.

124.    The allegations in the first and second sentences of Paragraph 124 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants deny the allegations in the third sentence of Paragraph 124.

125.    The allegations in Paragraph 125 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

126.     The allegations in Paragraph 126 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule.

127.     Federal Defendants deny the allegations in the first and second sentences of Paragraph 127. Federal Defendants admit the allegations in the third sentence of Paragraph 127.

128.     Federal Defendants deny the allegations in the first sentence of Paragraph 128. The remaining allegations in Paragraph 128 purport to characterize the Proposed Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Proposed Rule.

129.     As to the allegations in the first sentence of Paragraph 129, Federal Defendants admit that the public did not have a formal opportunity to comment on the specifics of the Grazing Exception included in the Final Rule but aver FWS had no legal requirement to facilitate such an opportunity. Federal Defendants further aver that FWS included the Grazing Exception in the Final Rule in response to public comments on the Proposed Rule requesting the inclusion of a grazing provision in the final 4(d) Rule. The allegations in the second sentence of Paragraph 129 are too vague and ambiguous to permit a response. Federal Defendants aver that States impacted by the Final Rule had the opportunity to submit public comments in response to the Proposed Rule and that FWS delayed the effective date of the Final Rule by 60 days in response to comment letters received by the States.

130.     The allegations in the first phrase of the first sentence of Paragraph 130 purport to characterize the NEPA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute. The remaining allegations in the first sentence of Paragraph 130 state legal conclusions,

which require no response. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second sentence of Paragraph 130 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute. Federal Defendants deny the allegations in the third sentence of Paragraph 130.

131.    The allegations in the first sentence of Paragraph 131 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the Final Rule. Federal Defendants deny the allegations in the second sentence of Paragraph 131. Further, through the citation in footnote 24, the second sentence in Paragraph 131 purports to characterize a letter, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the letter.

132.    Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 131 of the Answer.

133.    Federal Defendants deny the allegations in Paragraph 133.

134.    Federal Defendants deny the allegations in Paragraph 134.

135.    Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 134 of the Answer.

136.    Federal Defendants deny the allegations in Paragraph 136.

137.    Federal Defendants deny the allegations in Paragraph 137.

138.    Federal Defendants deny the allegations in Paragraph 138.

139.    Federal Defendants deny the allegations in Paragraph 139.

140.    Federal Defendants deny the allegations in Paragraph 140.

141.    Federal Defendants deny the allegations in Paragraph 141.

142.    Federal Defendants deny the allegations in the fourth sentence of Paragraph 142. The remaining allegations in Paragraph 142 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the statute.

143.    Federal Defendants deny the allegations in Paragraph 143.

144.    Federal Defendants deny the allegations in Paragraph 144.

145.    Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 144 of the Answer.

146.    Federal Defendants deny the allegations in the first sentence of Paragraph 146. The remaining allegations in Paragraph 146 purport to characterize legal decisions, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language and meaning of the legal decisions.

147.    Federal Defendants deny the allegations in Paragraph 147.

148.    Federal Defendants deny the allegations in Paragraph 148.

149.    Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 148 of the Answer.

150.    Federal Defendants deny the allegations in Paragraph 150.

151.    Federal Defendants deny the allegations in Paragraph 151.

## RESPONSE TO REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' request for relief, which requires no response. To the extent a response is required, Federal Defendants deny that they have violated the Endangered Species Act, the Administrative Procedure Act, the United States

Constitution, the National Environmental Policy Act, or any other law, and deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## **GENERAL DENIAL**

To the extent that any allegations of the Complaint have not been admitted or responded to, Federal Defendants deny any and all such allegations.

## **AFFIRMATIVE DEFENSES**

1.  Plaintiffs fail to state a claim upon which relief can be granted.

2.  Federal Defendants reserve the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings.

WHEREFORE, Federal Defendants pray that this Court dismiss Plaintiffs' Complaint, grant judgment in favor of Federal Defendants, and grant other such relief as the Court deems just and appropriate.

Respectfully submitted this 30th day of May, 2023,

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
S. JAY GOVINDAN, Section Chief
Wildlife and Marine Resources Section
MEREDITH L. FLAX, Asst. Section Chief
Wildlife and Marine Resources Section

*/s/ Caitlyn F. Cook*
CAITLYN F. COOK
Trial Attorney
Maryland Bar No. 2112140244
Wildlife and Marine Resources Section
Ben Franklin Station
P. O. Box 7611
Washington, D.C. 20044
(202) 305-0269 (tel.)
(202) 305-0275 (fax)
caitlyn.cook@usdoj.gov

PETER W. BROCKER
Trial Attorney
New York Bar No. 5385448
Natural Resources Section
Environment & Natural Resources Division
Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-8636 (tel.)
(202) 305-0506 (fax)
peter.brocker@usdoj.gov

*Attorneys for Federal Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas by using the CM/ECF system, which will serve a copy of the same on the counsel of record.

*/s/ Caitlyn F. Cook*
CAITLYN F. COOK

*Attorney for Federal Defendants*