**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | |
|---|---|
| STATE OF TEXAS; TEXAS GENERAL LAND OFFICE; TEXAS DEPARTMENT OF AGRICULTURE; RAILROAD COMMISSION OF TEXAS; and STATE OF KANSAS; and STATE OF OKLAHOMA; <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR; U.S. FISH AND WILDLIFE SERVICE; DEBRA HAALAND, in her official capacity as SECRETARY OF THE INTERIOR; MARTHA WILLIAMS, in her official capacity as DIRECTOR OF THE U.S. FISH AND WILDLIFE SERVICE, <br><br> Defendants. | Civil Action No. 7:23-cv-47 <br><br> **PROPOSED DEFENDANT-INTERVENORS' ANSWER** |

Proposed Defendant-Intervenors Center for Biological Diversity and Texas Campaign for the Environment hereby answer all claims and allegations raised in the Amended Complaint of the State of Texas et al., filed as ECF No. 10 in Case No. 7:23-cv-47-DC-RCG (W.D. Texas). In response to the like-numbered paragraphs of Plaintiffs' Complaint, the Proposed Defendant Intervenors state and aver as follows:

## **INTRODUCTION**

1.    The allegations in paragraph 1 constitute Plaintiffs' characterization of its case, which do not require a response. The documents cited by Plaintiffs speak for themselves and are the best evidence of their contents. To the extent a response is required, Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning and context.

1

2.      The allegations in paragraph 2 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

3.      The allegations in paragraph 3 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

4.      The allegations in paragraph 4 constitute legal conclusions and Plaintiffs' characterization of its case, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

5.      The allegations in paragraph 5 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

6.      Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in sentences one, two, three, and four of paragraph 6 and, on that basis, deny them. Sentences five and six of paragraph 6 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

## PARTIES

### A.  Plaintiffs

7.      Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 7, and on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize and/or describe cited provisions of the Texas Constitution and statutes, those documents speak for themselves and are the best evidence of their

2

contents. Proposed Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

8.      Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 8, and on that basis, deny them. To the extent Plaintiffs' allegations purport to characterize and/or describe cited provisions of the Texas Constitution and Natural Resources Code, those documents speak for themselves and are the best evidence of their contents. Proposed Intervenor-Defendants deny any allegations contrary to their plain language, meaning, and context.

9.      The allegations in sentence one, three, four and five of paragraph 9 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in the sentence two of paragraph 9 and, on that basis, deny them.

10.     With respect to the allegations in sentence one of paragraph 10, Proposed Defendant-Intervenors admit only that the Texas Department of Agriculture is an agency of the State of Texas. To the extent Plaintiffs' allegations purport to characterize and/or describe cited provisions of the Texas Agricultural Code, that document speaks for itself and is the best evidence of its contents. Proposed Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in paragraph 10 and, on that basis, deny them.

11.     Sentences one, four, six, and seven of paragraph 11 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-

Intervenors deny the allegations. The allegations in sentences two, three, and five of paragraph 11 constitute Plaintiffs' characterization of its case, which does not require a response. Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in sentences two, three, and five of paragraph 11 and, on that basis, deny them.

12.     With respect to the allegations in the first sentence of paragraph 12, Proposed Defendant-Intervenors admit only that the Railroad Commission of Texas is an agency of the State of Texas. To the extent Plaintiffs' allegations purport to characterize and/or describe cited provisions of the Texas Natural Resources Code, that document speaks for itself and is the best evidence of its contents. Proposed Intervenor-Defendants deny any allegations contrary to its plain language, meaning, and context. Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in paragraph 12 and, on that basis, deny them.

13.     The allegations in sentences one, three, four, and five of paragraph 13 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in sentence two of Paragraph 13, and on that basis, deny them.

14.     The allegations in paragraph 14 constitute legal conclusions and Plaintiffs' characterization of its case to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

15.     The allegations in paragraph 15 constitute Plaintiffs' characterization of its case which do not require a response. The documents cited are the best evidence of their contents. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

16.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in the first sentence of paragraph 16 and, on that basis, deny them The remaining allegations in paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

17.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 17 and, on that basis, deny them. The allegations in paragraph 17 constitute Plaintiffs' characterization of its case which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

18.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 18 and, on that basis, deny them. The allegations in paragraph 18 constitute legal conclusions and Plaintiffs' characterization of its case which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

19.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 19 and, on that basis, deny them. The allegations in paragraph 19 constitute legal conclusions which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

20.     The allegations in sentences one and four of paragraph 20 constitute legal conclusions which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Proposed Defendant-Intervenors lack knowledge or

sufficient information to form a belief as to the truth of the allegations in sentences two and three of paragraph 20 and, on that basis, deny them.

### B. Defendants

21.     Admit.

22.     With respect to the allegations in paragraph 22, Proposed Defendant-Intervenors admit only that Debra Haaland is the Secretary of the Interior being sued in her official capacity as Secretary of the Interior.

23.     With respect to the allegations in paragraph 23, Proposed Defendant-Intervenors admit that the U.S. Fish and Wildlife Service is a federal agency of the Department of the Interior within the meaning of the APA.

24.     With respect to the allegations in paragraph 24, Proposed Defendant-Intervenors admit only that Martha Williams is the Director of the Service and is being sued in her official capacity.

## JURISDICTION AND VENUE

25.     The allegations in paragraph 25 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

26.     The allegations in paragraph 26 constitute legal conclusions, which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

27.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 27 and, on that basis, deny them.

28.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 28 and, on that basis, deny them.

29.     Proposed Defendant-Intervenors lack knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 29 and, on that basis, deny them.

30.     Proposed Defendant-Intervenors admit the Plaintiffs' Notices of Intent to Sue were attached to the complaint and are the best evidence of their contents.

## LEGAL FRAMEWORK

31.     The allegations in paragraph 31 purport to characterize and/or describe certain provisions of the Administrative Procedures Act ("APA"), which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

32.     The allegations in paragraph 32 purport to characterize and/or describe certain provisions of the APA, which speak for itself and is the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

33.     The allegations in paragraph 33 purport to characterize and/or describe *Motor Vehicle Mfrs. Ass'n of U,S., Inc v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

34.     The allegations in paragraph 34 purport to characterize and/or describe *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502 (2009), which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

## The Endangered Species Act

35.     The allegations in paragraph 35 purport to characterize and/or describe portions of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

36.     The allegations in paragraph 36 purport to characterize and/or describe portions of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

37.     The allegations in paragraph 37 purport to characterize and/or describe portions of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

38.     The allegations in paragraph 38 purport to characterize and/or describe sections of the Service's Distinct Population Segments ("DPS") Policy, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

39.     The allegations in paragraph 39 purport to characterize and/or describe sections of Service's DPS Policy, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

40.     The allegations in paragraph 40 purport to characterize and/or describe portions of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

41.     The allegations in paragraph 41 purport to characterize and/or describe certain provisions of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

42.     The allegations in paragraph 42 purport to characterize and/or describe certain provisions of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

43.     The allegations in paragraph 43 purport to characterize and/or describe portions of the ESA and the Policy for Evaluation of Conservation Efforts When Making Listing Decisions ("PECE"), which speak for themselves and are best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

44.     The allegations in paragraph 44 purport to characterize and/or describe portions of the PECE, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

45.     The allegations in paragraph 45 purport to characterize and/or describe portions of the PECE, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

46.     The allegations in paragraph 46 purport to characterize and/or describe portions of the PECE, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

47.     The allegations in paragraph 47 purport to characterize and/or describe portions of the PECE, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

48.     The allegations in paragraph 48 purport to characterize and/or describe certain provisions of the ESA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

49.     The allegations in paragraph 49 purport to characterize and/or describe certain provisions of the ESA and regulations implementing the ESA, which speaks for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

50.     The allegations in paragraph 50 purport to characterize and/or describe certain regulations implementing the ESA, which speaks for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

51.     The allegations in paragraph 51 purport to characterize and/or describe certain provisions of the ESA and regulations implementing the ESA, which speak for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

<u>The National Environmental Policy Act</u>

52.     The allegations in paragraph 52 purport to characterize and/or describe certain provisions of the National Environmental Policy Act ("NEPA") and regulations implementing NEPA, which speaks for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

53.     The allegations in paragraph 53 purport to characterize and/or describe certain provisions of NEPA and regulations implementing NEPA, which speak for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

54.     The allegations in paragraph 54 purport to characterize and/or describe certain regulations implementing NEPA, which speak for themselves and are the best evidence of their

content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

## **BACKGROUND**

55.     The allegations in paragraph 55 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

56.     Proposed Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and on that basis, deny them.

57.     Proposed Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and on that basis, deny them.

58.     The allegations in paragraph 58 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

59.     The allegations in paragraph 59 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

60.     The allegations in paragraph 60 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

61.     The allegations in paragraph 61 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

62.     The allegations in paragraph 62 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

63.     Plaintiffs' characterization of their exhibit in the first sentence of Paragraph 63 speaks for itself and requires no response. Proposed Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and, on that basis, deny them.

64.     Proposed Defendant-Intervenors admit the first sentence of paragraph 64, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 and, on that basis, deny them.

65.     The allegations in paragraph 65 purport to describe or characterize the contents of the Texas CCAA, which speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

66.     The allegations in paragraph 65 purport to describe or characterize the contents of the Texas CCAA, which speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. Proposed Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of any other allegations in paragraph 66 and, on that basis, deny them.

67.     Proposed Defendant-Intervenors admit the first two sentences of paragraph 67, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and, on that basis, deny them. To the extent the allegations in paragraph 67 purport to describe or characterize the contents of the Range Wide Plan, that plan speaks for itself and is

best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

68.     Proposed Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and, on that basis, deny them. To the extent the allegations in paragraph 68 purport to describe or characterize the contents of the Range Wide Oil and Gas Candidate Conservation Agreement with Assurances, that plan speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

69.     Proposed Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and, on that basis, deny them.

70.     Proposed Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and, on that basis, deny them.

71.     The allegations in paragraph 71 purport to describe or characterize the contents of the 2014 Listing Decision, which speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The allegations in sentences two of paragraph 71 purport to characterize and/or describe the contents of the 2014 Listing Decision, which speaks for itself and is the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

72.     The allegations in paragraph 72 purport to characterize and/or describe *Permian Basin Petroleum Ass'n v. Dep't of the Interior*, 127 F. Supp. 3d 700 (W.D. Tex. 2015), which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

73.     Proposed Defendant-Intervenors admits the allegations set forth in paragraph 73.

74.     Proposed Defendant-Intervenors admits the allegations set forth in paragraph 74.

75.     Proposed Defendant-Intervenors admits the allegations set forth in paragraph 75.

76.     The allegations in paragraph 76 purport to describe or characterize the contents of the numerous comment letters, which speak for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

77.     The first sentence of paragraph 77 purports to describe or characterize the contents of the Final Rule, which speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The second sentence of paragraph 77 constitutes a legal conclusion which requires no response. To the extent that a response is required, Proposed Defendant-Intervenors deny the allegations.

78.     The allegations in the first sentence of paragraph 78 constitute Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. The allegations in sentences two and three of paragraph 78 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

79.     The allegations in sentences one and three of paragraph 79 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. The allegations in sentence two constitute Plaintiffs' characterization of its case to which no response

is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

80.     The allegations in sentences one, two, and four of paragraph 80 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. The allegations in sentence three of paragraph 80 purport to describe or characterize the contents of the DPS Policy, which speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

81.     The allegations in sentences one and three of paragraph 81 purport to describe or characterize the contents of the Final Rule which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The allegations in sentences two, three, four, five and six of paragraph 781 constitute legal conclusions and/or Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

82.     The allegations in paragraph 82 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

83.     The allegations in paragraph 83 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

84.     The allegations in paragraph 84 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

85.     The allegations in paragraph 85 constitute legal conclusions to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

86.     The allegations in sentence paragraph 86 constitute legal conclusions to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. The allegations in sentence two of paragraph 86 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

87.     The allegations in paragraph 87 purport to describe or characterize the contents of the Species Status Assessment ("SSA") and Final Rule, which speak for themselves and are the best evidence of their contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

88.     The allegations in paragraph 88 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

89.     The allegations in paragraph 89 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

90.     The allegations in paragraph 90 purport to describe or characterize the contents of the Final Rule, which speaks for itself is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

91.     The allegations in paragraph 91 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

92.     The allegations in paragraph 92 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

93.     The allegations in paragraph 93 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

94.     The allegations in sentences one and two of paragraph 94 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The allegations in sentence three of paragraph 94 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

95.     The allegations in paragraph 95 purport to describe or characterize the contents of the Final Rule and SSA, which speak for themselves and are the best evidence of their contents. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

96.     The allegations in paragraph 96 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. The allegations in paragraph 86 also purport to describe or characterize the contents of two letters, which speak for themselves and are the best evidence of their contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

97.     The allegations in paragraph 87 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. The allegations in paragraph 87 also purport to describe or characterize the contents of the SSA, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

98.     The allegations in paragraph 98 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

99.     The allegations in paragraph 99 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

100.     The allegations in paragraph 100 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

101.     The allegations in paragraph 101 purport to describe or characterize the contents of the Final Rule and SSA, which speak for themselves and are the best evidence of their contents.

Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

102.     The allegations in paragraph 102 purport to describe or characterize portions of the Final Rule, which speaks for itself and is best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The allegations in paragraph 102 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

103.     The allegations in paragraph 103 purport to describe or characterize portions of the SSA and Final Rule, which speak for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

104.     The allegations in paragraph 104 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. To the extent the allegations in paragraph 104 purport to describe or characterize portions of the SSA and Final Rule, those documents speak for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

105.     The allegations in paragraph 105 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. To the extent the allegations in paragraph 105 purport to describe or characterize portions of the SSA Report and Final Rule, those documents

speak for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

106.    The allegations in paragraph 106 constitute legal conclusions, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. To the extent the allegations in paragraph 106 purport to describe or characterize portions of the Final Rule and SSA, those documents speak for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

107.    The allegations in paragraph 107 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. Additionally, the allegations in paragraph 97 purport to describe or characterize the contents of the SSA, Final Rule, and *Permian Basin Petroleum Ass'n v. Dep't of the Interior*, 127 F. Supp. 3d 700 (W.D. Tex. 2015), which speaks for themselves and are the best evidence of their contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

108.    The allegations in sentence one of paragraph 108 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. The allegations in sentence two of paragraph 96 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

109.    The allegations in paragraph 109 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required,

Proposed Defendant-Intervenors deny the allegations. The allegations in sentences two, three, and four of paragraph 109 purport to describe or characterize the contents of the SSA, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

110.    The allegations in sentences one, two, and three of paragraph 110 purport to describe or characterize the contents of the SSA, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The allegations in sentence three of paragraph 110 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors denies.

111.    The allegations in paragraph 101 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. To the extent the allegations in paragraph 111 purport to describe or characterize the contents of the Final Rule, it speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

112.    The allegations in paragraph 112 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. To the extent the allegations in paragraph 102 purport to describe or characterize the contents of the PECE Policy, it speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

113.    The allegations in paragraph 113 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. To the extent the allegations in paragraph 103 purport to describe or characterize the contents of the Final Rule, it speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

114.    The allegations in paragraph 114 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

115.    The allegations in paragraph 115 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its content. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

116.    The allegations in paragraph 116 purport to describe or characterize the contents of the Final Rule and the ESA, which speak for themselves and are the best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context.

117.    The allegations in paragraph 117 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is best evidence of its content. The allegations in paragraph 117 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

118.    The allegations in sentences one and two of paragraph 118 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its

contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The allegations in sentence three of paragraph 118 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

119.     The allegations in paragraph 119 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

120.     The allegations in sentences one, two, and three of paragraph 120 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The allegations in sentence four of paragraph 120 constitute legal, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

121.     The allegations in paragraph 121 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The allegations in paragraph 121 also constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

122.     The allegations in paragraph 122 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

123.     The allegations in sentence one of paragraph 123 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations. The allegations in paragraph 123 also purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

124.     The allegations in paragraph 124 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The allegations in paragraph 124 also constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

125.     The allegations in paragraph 125 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

126.     The allegations in paragraph 126 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

127.     The allegations in paragraph 127 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

128.     The allegations in sentences one of paragraph 128 constitute legal conclusions, to which no response is required. To the extent a response is required, Proposed Defendant-

Intervenors denies. The allegations in sentences two and three of paragraph 128 purport to describe or characterize the contents of the Proposed Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context.

129.     The allegations in paragraph 129 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

130.     The allegations in sentences one and two of paragraph 130 purport to describe or characterize the contents of NEPA and the ESA, which speak for themselves and are best evidence of their content. Proposed Defendant-Intervenors deny any allegations contrary to their plain language, meaning, and context. The allegations in sentence three of paragraph 130 constitute legal conclusions and Plaintiffs' characterization of its case to which no response is required. To the extent in which a response is required, Proposed Defendant-Intervenors deny the allegations.

131.     The allegations in the first sentence of paragraph 131 purport to describe or characterize the contents of the Final Rule, which speaks for itself and is the best evidence of its contents. Proposed Defendant-Intervenors deny any allegations contrary to its plain language, meaning, and context. The remaining allegations constitute legal conclusions and Plaintiffs' characterization of its case to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

## CLAIMS FOR RELIEF

### Claim I

132.     Proposed Defendant-Intervenors restate and incorporate by reference all responses to all preceding paragraphs.

133.     The allegations in paragraph 133 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

134.     The allegations in paragraph 134 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

Claim II

135.     Proposed Defendant-Intervenors restate and incorporate by reference all responses to all preceding paragraphs.

136.     The allegations in paragraph 136 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

137.     The allegations in paragraph 137 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

138.     The allegations in paragraph 138 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

139.     The allegations in paragraph 139 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

140.     The allegations in paragraph 140 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

141.     The allegations in paragraph 141 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

142.     The allegations in paragraph 142 constitute legal conclusions and Plaintiffs' characterization of the case to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

143.     The allegations in paragraph 143 constitute legal conclusions and Plaintiffs' characterization of its case, to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

144.     The allegations in paragraph 144 constitute legal conclusions and Plaintiffs' characterization of the case to which no response is required. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

Claim III

145.     Proposed Defendant-Intervenors restate and incorporate by reference all responses to all preceding paragraphs.

146.     The allegations in paragraph 146 constitute legal conclusions which do not require a response. To the extent that a response is required, Proposed Defendant-Intervenors deny the allegations.

147.     The allegations in paragraph 147 constitute legal conclusions which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

148.     The allegations in paragraph 148 constitute legal conclusions which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

Claim IV

149.     Proposed Defendant-Intervenors restate and incorporate by reference all responses to all preceding paragraphs.

150.     The allegations in paragraph 150 constitute legal conclusions which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

151.     The allegations in paragraph 151 constitute legal conclusions which do not require a response. To the extent a response is required, Proposed Defendant-Intervenors deny the allegations.

**REQUEST FOR RELIEF**

The remaining paragraphs of Plaintiffs' complaint constitute a request for a relief to which no response is required.

**GENERAL DENIAL**

Proposed Defendant-Intervenors deny each and every allegation of Plaintiffs' Complaint not otherwise expressly admitted, qualified, or denied herein.

DATED:  June 5, 2023

Respectfully submitted,

IRVINE & CONNER PLLC

by:   _/s/ Charles Irvine_
CHARLES IRVINE
Texas Bar No. 24055716
charles@irvineconner.com
4709 Austin St.
Houston, Texas 77004
Telephone: (713) 533-1704

CENTER FOR BIOLOGICAL DIVERSITY

Lauren A. Parker
(*Pro hac vice pending*)
lparker@biologicaldiversity.org
Jason C. Rylander
(*Pro hac vice pending*)
jrylander@biologicaldiversity.org
1411 K Street NW, Suite 1300
Washington, D.C. 20005
Telephone: (202) 961-4820

*Attorneys for Proposed Defendant-Intervenors*
*Center for Biological Diversity and Texas*
*Campaign for the Environment*