**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, et al., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF KANSAS, | ) | No. 7:23-cv-00047-DC-RCG |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF THE | ) | |
| INTERIOR, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

**FEDERAL DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE CASE No. 7:23-cv-00049-DC-RCG**

Pursuant to Federal Rule of Civil Procedure 42(a), Federal Defendants hereby move the Court to consolidate *Permian Basin Petroleum Association et al. v. Department of the Interior et al.*, No. 7:23-cv-00049-DC-RCG (W.D. Tex.), with this case, *State of Texas et al. v. United States Department of the Interior et al.*, No. 7:23-cv-00047-DC-RCG (W.D. Tex.). Both cases bring claims under the Endangered Species Act ("ESA") and Administrative Procedure Act ("APA") against the same Federal Defendants challenging the same final rule issued by the U.S. Fish and Wildlife Service ("FWS") on November 25, 2022, titled "Endangered and Threatened Wildlife and Plants; Lesser Prairie-Chicken; Threatened Status With Section 4(d) Rule for the Northern Distinct Population Segment and Endangered Status for the Southern Distinct Population Segment," 87 Fed. Reg. 72,674 (Nov. 25, 2022) ("Final Rule"). Specifically,

Plaintiffs in both cases allege that FWS violated Section 4 of the ESA, 16 U.S.C. § 1533, and that the promulgation of the Final Rule was arbitrary, capricious, and contrary to law under the judicial review provisions of the APA, 5 U.S.C. § 706. Accordingly, Federal Defendants request that these cases be consolidated for future proceedings in the interest of judicial economy and to avoid the significant risks of confusion, wasted resources, and inconsistent rulings posed by allowing the cases to proceed separately.[1]

<u>CONSOLIDATION STANDARD</u>

Pursuant to Federal Rule of Civil Procedure 42, a court may consolidate pending actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). The purpose of consolidation under this rule is to expedite proceedings and eliminate unnecessary repetition and confusion. *See In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013-14 (5th Cir. 1977). Consolidation is a matter of "convenience and economy in administration" and "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933) (footnote and citations omitted). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

In determining whether consolidation is appropriate, courts consider five factors: "(1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5)

---

[1] To the extent any additional cases are filed also challenging the Final Rule, Federal Defendants reserve their right to seek consolidation of any such litigation with these two cases.

whether consolidation will promote judicial economy." *Holmes v. City of San Antonio*, No. 5:21-cv-00274-FB-RBF, 2021 WL 2878551 at *1 (W.D. Tex. Mar. 30, 2021) (citing *Frazier v. Garrison Indep. Sch. Dist.*, 980 F.2d 1514, 1531 (5th Cir. 1993)). The Court may also consider "the stage of litigation each case is at, relative to preparedness for trial." *League of United Latin Am. Citizens v. Abbott*, No. EP-21-cv-00259-DCG-JES-JVB, 2021 WL 5417402 at *2 (W.D. Tex. Nov. 19, 2021) (internal quotations omitted).

<u>ARGUMENT</u>

Every one of the five factors courts consider weighs in favor of consolidating these cases. First, both actions are already pending in this district before the same judge, and "[d]istrict courts have broad discretion . . . to consolidate causes pending in the same district." *In re Dearborn Marine Serv., Inc.*, 499 F.2d 263, 270-71 (5th Cir. 1974). Additionally, both actions identify the same four Federal Defendants: the U.S. Department of the Interior; FWS; Debra Haaland, in her official capacity as Secretary of the Interior; and Martha Williams, in her official capacity as Director of the FWS. *See* ECF No. 10, ¶¶ 21-24, in *Texas et al. v. U.S. Dep't of the Interior et al.*, No. 7:23-cv-00047-DC-RCG (W.D. Tex.); ECF No. 3, ¶¶ 11-14, in *Permian Basin Petroleum Assoc. et al. v. Dep't of the Interior et al.*, No. 7:23-cv-00049-DC-RCG (W.D. Tex.); *see also Abbott*, 2021 WL 5417402 at *2 (finding consolidation appropriate where cases share common defendants).

Notably, these cases also share common questions of fact and law. *See Castaneda v. Swift Transp. Corp.*, No. EP-07-cv-00369-BD, 2009 WL 10669207 at *3 (W.D. Tex. July 16, 2009) (finding common questions of fact and law where cases concerned the same event and asserted the same legal claim). Both cases challenge the same FWS Final Rule and involve similar allegations regarding its alleged flaws, meaning both cases will be decided based on review of

the same administrative record. *Compare* ECF No. 10, ¶ 133, in No. 7:23-cv-00047-DC-RCG *with* ECF No. 3, ¶ 109, in No. 7:23-cv-00049-DC-RCG (significance of genetic differences between distinct population segments); *compare* ECF No. 10, ¶ 140, in No. 7:23-cv-00047-DC-RCG *with* ECF No. 3, ¶¶ 95-98, in No. 7:23-cv-00049-DC-RCG (application of FWS policy for evaluating existing conservation efforts); *compare* ECF No. 10, ¶ 138, in No. 7:23-cv-00047-DC-RCG *with* ECF No. 3, ¶ 100, in No. 7:23-cv-00049-DC-RCG (impacts of oil and gas activity on lesser prairie-chickens); *compare* ECF No. 10, ¶ 139, in No. 7:23-cv-00047-DC-RCG *with* ECF No. 3, ¶ 54, in No. 7:23-cv-00049-DC-RCG (population trends).

Both cases also raise closely related challenges under the ESA and the APA and seek vacatur of the Final Rule as relief, meaning resolution of identical legal issues will be required in both cases. *Compare* ECF No. 10, ¶¶ 136-140, in No. 7:23-cv-00047-DC-RCG *with* ECF No. 3, ¶¶ 108-111, in No. 7:23-cv-00049-DC-RCG (both alleging improper application of FWS policy for determining distinct population segments in violation of the APA); *compare* ECF No. 10, ¶ 134, in No. 7:23-cv-00047-DC-RCG *with* ECF No. 3, ¶ 101, in No. 7:23-cv-00049-DC-RCG (both alleging failure to appropriately apply ESA listing factors); *compare* ECF No. 10, ¶ 143, in No. 7:23-cv-00047-DC-RCG *with* ECF No. 3, ¶ 113, in No. 7:23-cv-00049-DC-RCG (both alleging public notice and comment APA violation); c*ompare* ECF No. 10, ¶ 141, in No. 7:23-cv-00047-DC-RCG *with* ECF No. 3, ¶¶ 113, 118-19, in No. 7:23-cv-00049-DC-RCG (both alleging ESA violation for outsourced enforcement obligations); *compare* ECF No. 10, ¶ 144, in No. 7:23-cv-00047-DC-RCG *with* ECF No. 3, ¶ 114, in No. 7:23-cv-00049-DC-RCG (both alleging Final Rule is overly vague and inconsistent with FWS policy in violation of APA). Because of this factual and legal overlap, there is a serious risk that allowing these cases to proceed separately, on different timelines, and without consideration of the impacts of one case

on the other, could result in inconsistent findings and rulings. *See Castaneda*, 2009 WL 10669207 at *3 ("As these cases share many issues of law and fact, separate resolution . . . presents a risk for inconsistent adjudications.").

At a minimum, failing to consolidate these cases would waste significant party and judicial resources by requiring both to address similar factual and legal issues in two different adjudications. Conversely, consolidation will promote judicial economy and convenience by allowing the Court to coordinate filings and deadlines in both cases. For example, the administrative record that Federal Defendants will lodge with the Court will be the same in both cases and will contain thousands of pages of technical documents. Consolidation will help assure that the merits of the claims in both cases will be ripe for resolution by the Court at the same time, so that the Court can review the voluminous administrative record without the duplication of effort that would be required if these cases were to proceed separately. Because these cases are both in their initial stages,[2] the benefits of consolidation can be maximized as schedules are developed and briefing proceeds. In comparison to all these benefits, Plaintiffs face little risk of prejudice if these cases are consolidated, as Plaintiffs in both cases hold the same "substantive legal interests" in invalidating and vacating the Final Rule and consolidation will not impact their rights to pursue their claims. *See In re Air Crash Disaster*, 549 F.2d at 1013 n.10. Indeed, undersigned counsel conferred with Plaintiffs' counsel, who indicated that Plaintiffs do not oppose this request.

---

[2] Federal Defendants recently answered both complaints, *see* ECF No. 15 in *Texas et al. v. U.S. Dep't of the Interior et al.*, No. 7:23-cv-00047-DC-RCG (W.D. Tex.); ECF No. 22 in *Permian Basin Petroleum Assoc. et al. v. Dep't of the Interior et al.*, 7:23-cv-00049-DC-RCG (W.D. Tex.), and the parties have yet to file any case management motions in either case.

Consolidation is "the proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court." *Lester v. Exxon Mobil Corp.*, 879 F.3d 582, 592 (5th Cir. 2018). Accordingly, Federal Defendants respectfully request that the Court order the consolidation of these two cases.

Plaintiffs in both cases, through counsel of record, have been consulted and take no position on this Motion to Consolidate.[3] Pursuant to Local Rule CV-7(f), a proposed order granting this Motion to Consolidate is submitted herewith.

Respectfully submitted this 27 day of June, 2023,

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
S. JAY GOVINDAN, Section Chief
Wildlife and Marine Resources Section
MEREDITH L. FLAX, Deputy Chief
Wildlife and Marine Resources Section

*/s/ Caitlyn F. Cook*
CAITLYN F. COOK
Trial Attorney
Maryland Bar No. 2112140244
Wildlife and Marine Resources Section
Ben Franklin Station
P. O. Box 7611
Washington, D.C. 20044
(202) 305-0269 (tel.)
(202) 305-0275 (fax)
caitlyn.cook@usdoj.gov

PETER W. BROCKER
Trial Attorney
New York Bar No. 5385448
Natural Resources Section
Environment & Natural Resources Division

---

[3] Additionally, counsel for Federal Defendants has conferred with counsel for Movant-Intervenors, Center for Biological Diversity and Texas Campaign for the Environment. Movant-Intervenors support this motion to consolidate.

Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-8636 (tel.)
(202) 305-0506 (fax)
peter.brocker@usdoj.gov

LIANE NOBLE
Assistant United States Attorney
State Bar No. 24079059
U.S. Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) 370-1252 (phone)
(512) 916-5854 (fax)
Liane.Noble@usdoj.gov

*Attorneys for Federal Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 27, 2023, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Western District of Texas by using the CM/ECF system, which will serve a copy of the same on the counsel of record.

<u>*/s/ Caitlyn F. Cook*</u>
CAITLYN F. COOK

*Attorney for Federal Defendants*