IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| STATE OF TEXAS, ET AL., § | |
| § | |
| *Plaintiffs*, § | |
| § | CIVIL ACTION NO. |
| v. § | 7:23-CV-00047-DC |
| § | |
| U.S. DEPARTMENT OF THE § | |
| INTERIOR, ET AL., § | |
| § | |
| *Defendants.* § | |

**INDUSTRY PLAINTIFFS' MOTION FOR LEAVE TO FILE
THEIR SECOND AMENDED COMPLAINT**

TO THE HONORABLE COURT:

NOW COME Plaintiffs Permian Basin Petroleum Association, National Cattlemen's Beef Association, Texas Cattle Feeder's Association, Kansas Livestock Association, Kansas Independent Oil & Gas Association, New Mexico Cattle Grower's Association, The Petroleum Alliance of Oklahoma, and Oklahoma Cattlemen's Association (collectively, the "***Industry Plaintiffs***") and, move for leave to amend their First Amended Complaint, filed in Cause No. 7:23-CV-00047-DC as Docket Number 35, on August 25, 2023, to add three additional plaintiffs—Chaves County, New Mexico ("***Chaves County***"), Lea County, New Mexico ("***Lea County***"), and Roosevelt County, New Mexico ("***Roosevelt County***")—and would respectfully show the Court as follows:

### INTRODUCTION

The Court should grant the Industry Plaintiffs leave to file their Second Amended Complaint adding three additional plaintiffs for the same reasons the Court granted Industry Plaintiffs leave to file their First Amended Complaint. *See* (Doc. 31).

In Cause Number 7:23-CV-49 (which was subsequently consolidated with this cause), the Industry Plaintiffs filed suit against Defendants the Department of the Interior and its Secretary Deb Haaland, and the U.S. Fish and Wildlife Service and its Director Martha Williams (collectively, "***Defendants***") for violating the Endangered Species Act ("***ESA***") and Administrative Procedure Act ("***APA***") when they split the Lesser Prairie Chicken into separate population segments and listed one as "Endangered" and the other as "Threatened."

The Industry Plaintiffs ask for leave to file their Second Amended Complaint, attached as **Ex. A**, adding three additional plaintiffs who are impacted by the Listing Decision: Chaves County, New Mexico ("***Chaves County***"), Lea County, New Mexico ("***Lea County***"), and Roosevelt County, New Mexico ("***Roosevelt County***"). Chaves County, Lea County, and Roosevelt County previously adopted the Industry Plaintiffs' complaints in each of their 60-Day Notice of Intent to Sue letters, and now desire to raise and join in the same claims as the Industry Plaintiffs.

Rather than filing a separate suit alleging these same claims—as is their right—Chaves County, Lea County, Roosevelt County, and the Industry Plaintiffs all ask for leave to allow these new parties to join the existing lawsuit. The Court previously granted Plaintiffs' Motion for Leave to File Their First Amended Complaint adding two additional plaintiffs—Kansas Independent Oil & Gas Association and The Petroleum Alliance of Oklahoma. (Doc. 31). Additionally, the Court granted the Defendants' request to consolidate this case with another similar one (7:23-CV-49) to conserve resources and avoid inconsistent outcomes. The joinder of these additional plaintiffs will not prejudice or delay this proceeding because the additional plaintiffs will be represented by the same counsel as Industry Plaintiffs, will make the same claims as Industry Plaintiffs, and no adjustments will be needed to the scheduling order.

For the same reasons already raised by Industry Plaintiffs in their previous motion for leave and the Defendants in their motion to consolidate, as well as the Court in its consolidation order, the Court should grant the Industry Plaintiffs' request here.

The Defendants have taken no position on the Industry Plaintiffs' request.

## PROCEDURAL BACKGROUND

1.      On March 21, 2023, the Industry Plaintiffs filed suit against Defendants in Cause No. 7:23-CV-49.  The Industry Plaintiffs contend the Defendants failed to follow the ESA, APA and their own rules and regulations when promulgating a final rule that split the lesser prairie chicken into distinct population segments and then listed them as "endangered" and "threatened" under the ESA.

2.      That same day, the State of Texas (later joined by the State of Kansas and State of Oklahoma) filed suit against Defendants complaining of similar conduct in the instant lawsuit. (Docs. 1, 10).  On July 14, 2023, the Court consolidated both suits filed by the State Plaintiffs and the Industry Plaintiffs.  (Doc. 29).  The Court further ordered all future motions in each case to be filed in the instant case (Cause No. 7:23-CV-47).  *Id.*

3.      On August 25, 2023, Industry Plaintiffs filed their Motion for Leave to Amend Complaint adding two additional plaintiffs both of which had identical claims against the Defendants as already asserted by the Industry Plaintiffs.  (Doc. 31).  That same day, the Court issued a text order granting Plaintiffs' Motion for Leave to Amend Complaint and ordered that the Clerk of the Court docket the Industry Plaintiffs' First Amended Complaint. *Id.*

4.      On September 1, 2023 Chaves County notified the Defendants of its intent to file suit over the Defendants' Listing Decision.  **Ex. B.**

5.      On September 13, 2023 Lea County notified the Defendants of its intent to file suit over the Defendants' Listing Decision.  **Ex. C.**

6. On September 13, 2023, Roosevelt County notified the Defendants of its intent to file suit over the Defendants' Listing Decision. **Ex. D.**

7. Through their notice letters, Chaves County, Lea County, and Roosevelt County informed Defendants of their intent to assert the same claims as the Industry Plaintiffs.

8. Chaves County, Lea County, and Roosevelt County have waited the required sixty (60) days following their notice of intent to sue and given Defendants an opportunity to cure the deficiencies in their Listing Decisions. *See* **Ex. B**; **Ex. C**; **Ex. D**; 16 U.S.C. § 1540(g). The Defendants refused to correct their listing decision in response to Chaves County, Lea County, and Roosevelt County's notice. *See* **Ex. E**; **Ex. F**; **Ex. G.**

## DISCUSSION

9. Under the Federal Rules of Civil Procedure, plaintiffs may not amend their pleadings or modify a schedule without leave of court. FED. R. CIV. P. 15(a)(2); FED. R. CIV. P. 16(b)(4). Accordingly, the Industry Plaintiffs file this Motion seeking leave of Court to file their Second Amended Complaint attached to this Motion as **Ex. A**.

10. ***The requested amendment is warranted under Rule 15.*** Pursuant to the Federal Rule of Civil Procedure 15(a), leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (holding that Rule 15(a) "evinces a bias in favor of granting leave to amend," and the district court may deny leave only if there is a "substantial reason" to do so). Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman*, 371 U.S. at 182. Here, justice will be served by permitting the amendment so Defendants will not be forced to defend the same claims in multiple, separate suits, the amendment will conserve judicial resources, and it will avoid inconsistent outcomes on the same issues and arguments.

11.  ***Chaves County, Lea County, and Roosevelt County each have identical claims against Defendants as already asserted by the Industry Plaintiffs.***  Chaves County, Lea County, and Roosevelt County ask to join the Industry Plaintiffs in their existing claims rather than filing separate suits.  The requested amendment will, therefore, not alter the scope of this proceeding.  Moreover, both have the right to bring these claims in an independent suit even if they are not permitted to join the Industry Plaintiffs in this case.  *See* 16 U.S.C. § 1540(g)(1);[1] 5 U.S.C. § 702.[2]

12.   Allowing the amendment will avoid duplicative proceedings and potentially inconsistent outcomes.

13.  ***Defendants will not be prejudiced by the Industry Plaintiffs' proposed amended pleading.***  In fact, the requested amendment will actually benefit Defendants by eliminating the need for them to defend additional lawsuits involving the same issues, conserving judicial and party resources and eliminating the risk of inconsistent rulings on the same issues and facts.  Defendants already moved to consolidate this case filed by the State of Texas, State of Oklahoma, and State of Kansas (collectively, the "***State Plaintiffs***") with the suit filed by the Industry Plaintiffs (7:23-CV-49) for these very reasons.  *See* (Doc. 27 at 3-5).  The Court granted

---

[1]  The ESA provides that:

> *[A]ny person may commence a civil suit on his own behalf*--(A) to enjoin any person, including the United States and any other governmental instrumentality or agency (to the extent permitted by the eleventh amendment to the Constitution), who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof; … (C) against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary with the Secretary.

5 U.S.C. § 702.

[2]  "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702; *see also* 5 U.S.C. § 701(b)(2) (incorporating the definitions of 5 U.S.C. § 551); 5 U.S.C. § 551(2) (broadly defining "person" to include any "individual, partnership, corporation, association, or public or private organization").

Defendants' consolidation request to conserve judicial resources, Defendants' resources, and avoid inconsistent outcomes.  *See* (Doc. 29 at 4-5).  Because Chaves County, Lea County, and Roosevelt County intend to assert the exact claims as Industry Plaintiffs (and are represented by the same counsel), their claims are likely to be consolidated under Federal Rule of Civil Procedure 42 at a later date for these same reasons, either at Defendants' request or the Court's behest.  Moreover, the Court previously permitted the Industry Plaintiffs to amend their Original Complaint to join two new plaintiffs for the same reasons articulated herein. Defendants will, therefore, not be prejudiced by the requested amendment.

14. ***The proposed amendment will not result in any delay.***  The underlying lawsuit is still in its early stages and the deadline to amend pleadings and join additional parties has not passed.  The amendment joining Chaves County, Lea County, and Roosevelt County as Industry Plaintiffs will not impact any existing deadlines or otherwise delay the case.

15. Accordingly, the Court should grant the Industry Plaintiffs' Motion for Leave to file their Second Amended Complaint adding Chaves County, Lea County, and Roosevelt County as additional plaintiffs because the amendment will serve the interests of justice, conserve judicial and party resources, and will not prejudice Defendants.

## PRAYER

16. The Industry Plaintiffs pray that this Court grant them leave to file their Second Amended Complaint and for such other and further relief to which they may be entitled.

17. Pursuant to Local Rule CV-7(b), an executed copy of Industry Plaintiffs' Second Amended Complaint is attached as **Ex. A**.

18. Pursuant to Local Rule CV-7(g), a copy of the proposed order granting Industry Plaintiffs' Motion for Leave to File Their Second Amended Complaint is attached as **Ex. H**.

                                                                  Respectfully submitted,

                                                                  */s/ Jeff Kuhnhenn*

Jeff Kuhnhenn
Texas Bar No. 24078809
jeff.kuhnhenn@kellyhart.com
Derek Montgomery
Texas Bar No. 24042264
derek.montgomery@kellyhart.com
**KELLY HART & HALLMAN LLP**
P.O. Box 3580
Midland, Texas 79701
Telephone:  (432) 683-4691
Facsimile:  (432) 683-6518

Marianne Auld
Texas Bar No. 01429910
marianne.auld@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:  (817) 878-3543
Fax:  (817) 878-9280

## **CERTIFICATE OF CONFERENCE**

Counsel for Industry Plaintiffs has conferred with counsel for Defendants via email on January 22, 2024, who have advised that they are taking no position on the motion. Counsel for Industry Plaintiffs also conferred with the State Plaintiffs via email on January 21 & 22, 2024, and the State Plaintiffs do not oppose this motion.

*/s/ Jeff Kuhnhenn*
Jeff Kuhnhenn

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8th, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Texas by using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ Jeff Kuhnhenn*
Jeff Kuhnhenn