IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **STATE OF TEXAS, TEXAS GENERAL LAND OFFICE, TEXAS DEPARTMENT OF AGRICULTURE, RAILROAD COMMISSION OF TEXAS, STATE OF KANSAS, STATE OF OKLAHOMA, KANSAS INDEPENDENT OIL & GAS ASSOCIATION, and THE PETROLEUM ALLIANCE OF OKLAHOMA,** <br> *Plaintiffs,* <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES FISH AND WILDLIFE SERVICE, DEBRA HAALAND, in her official capacity as SECRETARY OF THE INTERIOR, and MARTHA WILLIAMS, in her official capacity as DIRECTOR OF THE U.S. FISH AND WILDLIFE SERVICE,** <br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § | MO:23-CV-00047-DC |

## **ORDER**

Given the public interest in this litigation, non-parties may submit briefs from time to time as amici curiae to assist the Court in reaching a proper decision.[1] Amici hopefuls are instructed to seek Rule 29 of the Federal Rules of Appellate Procedure for guidance.[2] Non-

---

[1] *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008).
[2] FED. R. APP. P. 29

parties seeking leave to file as friend of the court must demonstrate in their briefing that "their participation is both *timely and useful*"[3] or otherwise "necessary to the administration of justice."[4] "The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court."[5]

Note also that amicus briefs must bring relevant matters to the attention of the Court that have not already been brought to its attention by the parties.[6] The advisory committee's note to subdivision (b) of Rule 29 explains that an amicus brief "which does not serve this purpose simply burdens the staff and facilities of the Court and its filling is not favored."[7]

It is so **ORDERED**.

SIGNED this 5th day of April, 2024.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[3] *Trahan v. Long Beach Mortg. Co.*, No. 9:05-CV-29 (TH/KFG), 2006 WL 8440677, at *1 n.1 (E.D. Tex. Feb. 9, 2006).
[4] *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007).
[5] *Sierra Club v. Fed. Emergency Mgmt. Agency*, 2007 WL 3472851 at *1 (S.D. Tex. Nov. 14, 2007)
[6] *See* FED. R. APP. P. 29.
[7] *Id.*