**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **STATE OF TEXAS, ET AL.,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 7:23-cv-00047-DC** |
| **DEPARTMENT OF THE INTERIOR,** | § | |
| **ET AL.,** | § | |
| *Defendants.* | § | |
| | § | |

**<u>DEFENDANTS' OPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY</u>**

Defendants respectfully request leave in accordance with Local Civil Rules 7(b) and 7(e)(1) to file a three-page sur-reply to document their opposition to State Plaintiffs' Motion to Complete the Administrative Record with Remaining Contested Items, ECF No. 62, which State Plaintiffs have included in their reply in support of their Objections to the Administrative Record, ECF No. 51.[1] The proposed sur-reply accompanies this Motion and good cause exists for the following reasons.

State Plaintiffs waited until their reply to move the Court to complete the Administrative Record, and their reply was the first time State Plaintiffs raised any legal argument as to why the contested documents should be included in the Administrative Record. In the interest of fairness, Defendants should be permitted to respond to new arguments advanced for the first time in the States' combined motion and reply.

As stated above, State Plaintiffs' reply raised new legal arguments that were not advanced in their initial Objections to the Administrative Record, ECF No. 51. Specifically, the States

---

[1] "State Plaintiffs" or "the States" refer to the States of Texas, Kansas, and Oklahoma. The contested documents are identified in Attachment A to the States' Reply, ECF No. 62-1.

interpret the legal standard for completion of the Administrative Record and apply the legal standard to the contested documents for the first time on reply. Although the States alleged in their initial objections that certain documents were considered by the Service, *see id.* at 2–8, they waited until their reply to advance legal arguments on (1) the controlling legal standard, (2) why duplicative materials should be included in the Administrative Record, and (3) constructive consideration through citation. ECF No. 62 at 3–6.

In the interest of fairness, Defendants should be permitted to briefly respond to these legal arguments advanced for the first time in the States' reply. Generally, district courts do not review arguments or evidence that are raised for the first time in a reply. *See RedHawk Holdings Corp. v. Schreiber Living Tr.*, 836 F. App'x 232, 235–36 (5th Cir. 2020) (per curium). However, where a district court elects to consider such new information, it should grant the non-moving party an opportunity to respond. *Id.* (finding that a district court abused its discretion by denying the non-moving party an opportunity to file a sur-reply to respond to a reply brief that raised new arguments and then replying solely on those new arguments in its decision). Indeed, if the Court finds in State Plaintiffs' favor, such finding will be based solely on those legal arguments raised for the first time in the States' reply because the States failed to include any legal support in their initial filing. These exceptional circumstances warrant granting Defendants the opportunity to briefly respond to the States' only recitation of their legal arguments. *See Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 360 (W.D. Tex. 2020). State Plaintiffs' choice to withhold all legal argument from their initial objections was highly unusual. The States could have explained the legal basis for their objections to the Administrative Record from the outset, and "[t]he moving nature of the target" frustrates Defendants' ability to defend the Service's

designation of the Administrative Record. *Cf. Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 790 (7th Cir. 2011).

Finally, State Plaintiffs violated Section 12 of this Court's *Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases* and Local Civil Rule 5(a) when they combined their Reply to Defendants' Response to the States' Record Objections with their Motion to Complete the Administrative Record with Remaining Contested Items, ECF No. 62. "Each filing must consist of only one pleading. Multiple pleadings . . . must be filed as separate documents." Section 12(e), U.S. Dist. Ct. for the W. Dist. of Tex., Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases; *see also* L. R. Civ. 5(a) ("Documents filed by electronic means must comply with the *Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases*[.]"). The Court's Scheduling Order also explicitly states that "no additional motions . . . to supplement/amend the Administrative Record will be filed on [May 6, 2024]." ECF No. 43 ¶ 5. Given the States' disregard of the Local Rules and the Scheduling Order, Defendants could move to strike the States' motion. *See e.g., Martinez v. Foods*, No. SA-13-cv-133-DAE, 2013 WL 12394357 (W.D. Tex. Nov. 6, 2013) (striking filing for failure to comply with scheduling order); *Transverse, LLC v. Iowa Wireless Serv., LLC*, No. A-10-CV-517-LY, 2012 WL 12883042 (W.D. Tex. Nov. 27, 2012) (same); *EEOC v. Icon Benefit Adm'rs, Inc.*, No. EP-02-CA-527-DB, 2003 WL 748268 (W.D. Tex. Feb. 10, 2003) (presuming that violation of Local Rules permits motion to strike); *Ormond v. CTVSEH PLLC*, No. 1:20-cv-661-RP, 2021 WL 4307373 (W.D. Tex. Sept. 21, 2021) (same). However, in the interest of judicial efficiency, the Court should instead permit Defendants to briefly respond to the States' two-in-one filing so that the Parties may put all pertinent information before the Court.

Defendants have conferred with State Plaintiffs' counsel regarding this motion. On May 9, 2024, counsel for State Plaintiffs represented to Defendants' counsel that State Plaintiffs oppose Defendants' request to file a brief sur-reply because (1) Defendants made clear in prior briefing that they oppose the States' record request and (2) the States' legal arguments on reply addressed what Defendants raised in response to the States' initial objections.

For the foregoing reasons, Defendants respectfully request that the Court grant leave to file the attached sur-reply.

Respectfully submitted this 13th day of May 2024,

TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief
NICOLE M. SMITH, Assistant Section Chief
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section

*/s/ Caitlyn F. Cook*
CAITLYN F. COOK
Trial Attorney
Maryland Bar No. 2112140244
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station
P. O. Box 7611
Washington, D.C. 20044
(202) 616-1059 (tel.)
(202) 305-0275 (fax)
caitlyn.cook@usdoj.gov

PETER W. BROCKER
Trial Attorney
New York Bar No. 5385448
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
(202) 305-8636 (tel.)

(202) 305-0506 (fax)
peter.brocker@usdoj.gov

LIANE NOBLE
Assistant United States Attorney
State Bar No. 24079059
U.S. Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) 370-1252 (phone)
(512) 916-5854 (fax)
Liane.Noble@usdoj.gov

*Attorneys for Federal Defendants*