**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **STATE OF TEXAS, ET AL.,** § | |
| *Plaintiffs,* § | |
| § | |
| v. § | |
| § | **CASE NO. 7:23-cv-00047-DC** |
| **DEPARTMENT OF THE INTERIOR,** § | |
| **ET AL.,** § | |
| *Defendants.* § | |
| § | |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO STATES' REPLY TO DEFENDANTS' RESPONSE AND MOTION TO COMPLETE THE ADMINISTRATIVE RECORD WITH REMAINING CONTESTED ITEMS**

For the first time in their Reply Brief in support of their Objections to the Administrative Record, ECF No. 62, State Plaintiffs[1] move this Court to add certain contested documents to the Administrative Record and set forth their legal argument in support. The States' initial objections merely alleged that certain documents were considered by the Service, without any legal analysis. *See* ECF No. 51 at 2–8. By contrast, the States now advance legal arguments on (1) the controlling legal standard, (2) why duplicative materials should be included in the Administrative Record, and (3) constructive consideration through citation. ECF No. 62 at 3–6. Throughout this analysis, State Plaintiffs misapply the record review rule. None of the contested documents are properly part of the Administrative Record.[2]

When a movant seeks to complete the administrative record, as the States now do here, it must show "clear evidence" that the service actually considered the contested materials. *Spiller v. Walker*, No. A-98-CA-255-SS, 2002 WL 1609722, at *6 (W.D. Tex. July 19, 2002) (describing standard for completion of record under APA standard of review); *Save Barton Creek Ass'n v. Tex. Dep't of Transp.*, No. 1:19-cv-761-RP, 2021 WL 3849723, at *2 (W.D. Tex. Aug. 27, 2021) (same). The States fail to carry this burden and, instead, rely on a relevancy argument. The States invoke *Medina County*'s language that the Court "must assure [itself] that the agency considered the relevant factors in making the decision . . . and there is substantial evidence in the record to support it," but ignore that this language describes to the standard of review the Court must apply to the *merits* of Plaintiffs' claims, not the compilation of the Administrative Record. ECF No. 62 at 3 (quoting *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F. 3d 687, 699 (5th Cir. 2010)). At this stage in the litigation, State Plaintiffs' request to complete the Administrative

---

[1] "State Plaintiffs" or "the States" refers to the States of Texas, Kansas, and Oklahoma.
[2] The contested documents are identified in Attachment A to the States' Reply, ECF No. 62-1.

1

Record does not turn on whether the Service considered all relevant factors—that is a question saved for summary judgment.[3] Instead, the States must show by clear evidence that the contested materials were considered. The Service's declarant has sworn that they were not. ECF No. 58-1 ¶¶ 7, 11–16. The Service presented the full Administrative Record to the Court, but the States seek to add more, ignoring the settled proposition that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam).

First, the States advocate for the inclusion of raw data that were synthesized and summarized in the Species Status Assessment ("SSA"). ECF No. 62 at 3–4. The information in the raw data "can [] be extracted from the record [and] is not necessary to this court's review." *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1451 (9th Cir. 1996). The raw data are irrelevant to whether the challenged decision was reasonable. The relevant inquiry is whether the Service reasonably developed and analyzed its habitat modeling and future conditions assessment in reaching the challenged decision. The SSA already contains the information necessary for the Court to make this determination and the raw data would be needlessly duplicative. *See* ECF No. 58 at 8, 13, 14.  Likewise, studies identified by peer reviewers that were duplicative of information already considered by the Service are not properly part of the Record. *Contra* ECF No. 62 at 4–5. Although they "might have supplied a fuller record, they do not address issues not already there." *Sw. Ctr. for Biological Diversity*, 100 F.3d at 1451 (quotations omitted).

Second, the States argue that all works cited in every Record document authored by the

---

[3] Notably, State Plaintiffs fail to reach the bar for completion even under their incorrect interpretation of the standard. The States offer only cursory descriptions of the contested materials and declare them relevant but fail to describe their contents or explain the basis of their relevancy to the Final Listing Rule or 4(d) Rule. *See* ECF No. 62 at 3; ECF No. 62-1 (entire).

2

Service belong in the Administrative Record under a constructive consideration theory. ECF No. 62 at 5–6. These documents are three levels removed from the challenged decision (i.e., the challenged rule cited the SSA, which relied upon a Record document, which cited various sources the States seek to add). Where would the States' request end? What if one of the works cited in a Service document was another document drafted by the Service? Would the Administrative Record also properly include the works cited in that document four levels removed from the challenged decision? The Service would be forced "to conduct an endless search merely to compile the administrative record." *Knight v. U.S. Army Corps. of Eng'rs*, No. 4:18-CV-352, 2019 WL 3413423 at *2 (E.D. Tex. July 29, 2019). Such an attenuated interpretation of the indirect consideration standard must be rejected because it would result in a world of irrelevant information coming before the Court and the agency in the first instance through litigation, which is antithetical to the record review rule. *Cf. Ctr. for Biological Diversity v. Tex. Dept. of Transp.*, No. 1:16-CV-876-LY, 2019 WL 12313647 (W.D. Tex. Sept. 30, 2019). The Service has sworn that these attenuated sources were not considered in reaching the challenged decision, ECF No. 58-1 ¶¶ 11–14, so they should not be included in the Administrative Record.

Completion of the Administrative Record is the exception, not the rule. *Calloway v. Harvey*, 590 F. Supp. 2d 29, 37 (D.D.C. 2008). The States have failed to carry their burden to complete the Administrative Record with the contested materials and their motion should be denied.

Respectfully submitted this 13th day of May 2024,

> TODD KIM, Assistant Attorney General
> S. JAY GOVINDAN, Section Chief
> NICOLE M. SMITH, Assistant Section Chief
> U.S. Department of Justice
> Environment and Natural Resources Division
> Wildlife and Marine Resources Section

3

*/s/ Caitlyn F. Cook*
CAITLYN F. COOK
Trial Attorney
Maryland Bar No. 2112140244
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station
P. O. Box 7611
Washington, D.C. 20044
(202) 616-1059 (tel.)
(202) 305-0275 (fax)
caitlyn.cook@usdoj.gov

PETER W. BROCKER
Trial Attorney
New York Bar No. 5385448
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
(202) 305-8636 (tel.)
(202) 305-0506 (fax)
peter.brocker@usdoj.gov

LIANE NOBLE
Assistant United States Attorney
State Bar No. 24079059
U.S. Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) 370-1252 (phone)
(512) 916-5854 (fax)
Liane.Noble@usdoj.gov

*Attorneys for Federal Defendants*