**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

|  |  |
|---|---|
| STATE OF TEXAS, et al.<br><br>    and<br><br>PERMIAN BASIN PETROLEUM<br>ASSOCIATION, et al.<br><br>    Plaintiffs,<br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>et al.<br><br>    Defendants. | Civil Action No. 23-CV-00047-DC |

**REPLY IN SUPPORT OF PROPOSED INTERVENOR-DEFENDANTS' MOTION FOR
RECONSIDERATION AND SECOND MOTION TO INTERVENE**

The Federal Defendants' recent motion for remand with vacatur is proof positive that the existing parties do not represent the interests of Proposed Intervenor-Defendants Center for Biological Diversity and Texas Campaign for the Environment. *See generally* ECF Nos. 87, 87-1. Proposed Intervenors oppose the motion and strongly disagree that the present administration "remains committed to proper execution of the ESA, as evinced by the Service's recent representation that it intends to remedy the flaw in the current lesser prairie-chicken listing decision." Fed. Defs. Resp. No. 91 at 2 (citing ECF No. 87-1 at 3-4, ¶ 5).

As detailed more fully in the Proposed Intervenors' Response in Opposition to the motion for remand and vacatur, ECF No. 95, Proposed Intervenors fundamentally disagree that the record supports any "flaw" in the listing decision and would oppose vacatur in any event, as any alleged errors should be easily cured on remand while leaving the listing rule in place. Proposed

1

Interventors thus bring to the case a broader perspective on the implementation of the ESA, and the contents of the record before this Court, which is necessary for proper adjudication of the case.

Proposed Intervenors' motion is timely. Proposed Intervenors are no stranger to this case. Their original motion to intervene on June 5, 2023, was deemed timely, and while that motion was not granted, the Court encouraged Proposed Intervenors to file an amicus brief in the case. Order, ECF No. 36 at 9. While it is true that the change of administration in January foretold a potential and ominous shift in position in this and other cases, we believed that the government was still prepared to defend the listing rule, up until the parties requested an extension on March 26, 2025, specifically to "discuss settlement options." ECF No 82 at 1. The parties' second motion on April 25, 2025, requesting a nine-day extension "to continue exploring options to resolve the present litigation" made clear that the government was no longer intending to defend the listing rule. ECF No. 83 at 1. Proposed Intervenors were mindful of the Court's prior order on intervention, which required more evidence that the interests of the parties were not aligned. Far from mere "speculation" it is now self-evident that "the Government's broader interests may alter the present case." Order, ECF No. 36 at 9. Immediately upon this realization, Proposed Intervenors filed this renewed motion to intervene. *Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1018 (5th Cir. 2022) ("Generally, filing a motion to intervene as soon as an intervenor realizes its interests are not adequately protected is sufficient to meet the timeliness requirement.") (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977)). Given the circumstances, the motion is indeed timely.

The Federal Government has taken a position directly adverse to the interests of Proposed Intervenors, which have worked tirelessly for decades to obtain federal protection for the lesser

2

prairie-chicken. Proposed Intervenors' efforts on behalf of this species are now entirely at risk because the Federal Government has, with inadequate justification, reversed its position on the listing decision. Because Proposed Intervenors are not adequately represented in this case, and because they meet the other requirements for intervention of right, the Center for Biological Diversity and Texas Campaign for the Environment respectfully request this Court grant the request to intervene as of right. In the alternative, permissive intervention is warranted.

## CONCLUSION

Proposed Intervenors' request to intervene should be granted.

DATED: May 13, 2025                    Respectfully submitted,

CENTER FOR BIOLOGICAL DIVERSITY

by:   */s/ Jason C. Rylander*

JASON C. RYLANDER (*Pro hac vice)*
jrylander@biologicaldiversity.org
1411 K Street NW, Suite 1300
Washington, D.C. 20005
Telephone: (202) 744-2244

LAUREN A. PARKER (*Pro hac vice)*
lparker@biologicaldiversity.org
1411 K Street NW, Suite 1300
Washington, D.C. 20005
Telephone: (202) 961-4820

IRVINE & CONNER PLLC

CHARLES IRVINE
Texas Bar No. 24055716
charles@irvineconner.com
4709 Austin St.
Houston, Texas 77004
Telephone: (713) 533-1704

*Attorneys for Proposed Defendant-Intervenors*
*Center for Biological Diversity and Texas*
*Campaign for the Environment*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2025, I electronically filed the foregoing Reply in Support of Proposed Intervenor-Defendants' Motion for Reconsideration and Second Motion to Intervene with the Clerk of the Court for the United States District Court for the Western District of Texas by using the CM/ECF system, which will serve a copy of the same on the counsel of record.

/s/ Jason C. Rylander

JASON C. RYLANDER
Attorney for Proposed Defendant-Intervenors